UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY A BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-1347-JDT-egb |
| | ) | |
| CORIZON HEALTH INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ORDER PARTIALLY DISMISSING COMPLAINT,
DENYING MOTION FOR PRELIMINARY INJUNCTION (ECF No. 3.),
AND DIRECTING THAT PROCESS BE ISSUED
AND SERVED ON DEFENDANT COLLINS

On December 22, 2014, Plaintiff Timothy A. Baxter ("Baxter"), who is confined as an inmate of Northwest Correctional Complex ("NWCX"), in Tiptonville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion asking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2). On December 23, 2014, this Court issued an order directing Baxter to comply with 28 U.S.C. § 1915(a)(2) or pay the $400 civil filing fee. (ECF No. 5.) After receiving the appropriate documentation , in an order issued January 20, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 7.) The Clerk shall record the defendants as Corizon Health Inc. ("Corizon Health"), Corizon Inc. ("Corizon"), Corizon Health and Corizon National Medical Director Dr. Carl Keldie, Corizon Health Chief Nursing Officer Becky Pinney, Corizon Health Chief Nursing Officer Amanda Collins, Corizon

Health and Corizon Medical Director Samantha Phillips, the State of Tennessee,[1] Tennessee Department of Corrections ("TDOC") Commissioner Derrick Schofield, TDOC Deputy Commissioner of Operations for NCWX Catherine Posey, TDOC Deputy Commissioner of Operations for NCWX Jim Thrasher, TDOC Commissioner of Operations for NCWX Reuben Hodge, TDOC Director of Health Services for NWCX Donna K. White, TDOC Medical Director of Clinical Services for NWCX Lester Lewis, NWCX Warden Henry Lee Steward, NWCX Assistant Warden Brad Poole, and NCWX Associate Warden of Operations Melvin Tirey.

## I. THE COMPLAINT

Baxter states that he has a medical history of chronic, severe joint pain, back pain, and sepsis in the upper jaw area which has caused extreme weight loss and headaches that Defendants have refused to treat through deliberate indifference, failure to have policies for medical treatment, and a failure to hire and train appropriate staff. (Comp. at 12, ECF No. 1.) Baxter alleges that the corrections and medical staff at NWCX were aware of his medical problems. (*Id.*) In 2012, Baxter received steroid injections to his elbow and shoulder to manage his joint pain; however, these treatments have stopped. (*Id.*) The staff discontinued any pain management care after October 2013, causing Baxter to lose sleep and suffer further pain. (*Id.*) Since October 2013, Baxter has over twenty-seven requests for treatment for which he received ibuprofen, but not an opportunity for a rheumatologist or orthopedic specialist to evaluate his pain. (*Id.*) Baxter alleges that he "has developed sepsis in his upper jaw, an area that reoccurs on a monthly basis which," he concludes has resulted in the loss of 50 pounds. The only

---

[1]Plaintiff named the Tennessee Department of Correction ("TDOC") as a defendant. Governmental departments, divisions, and buildings are not suable entities. Therefore, the Court construes those claims against the State of Tennessee. See generally *Hafer v. Melo*, 502 U. S. 21 (1991). The Clerk is directed to terminate the TDOC as a defendant and add the State of Tennessee as Defendant.

treatment Defendants have offered Baxter was physical therapy; however, due to a conflict he was unable to go and no further appointments have been scheduled. On December 11, 2014 Baxter states he was called to the clinic for his three month chronic care visit. (*Id.*) He was seen by Defendant Collins who stated said she would keep an eye on his weight, but offered no tests or evaluations. (*Id.*) Baxter states that he has only received palliative treatment for his serious medical conditions. (*Id.*)

Baxter has suffered severe physical and emotional injury. (*Id.* at 16.) He seeks punitive and compensatory damages. (*Id.*) At the time of filing his complaint, Baxter also filed a Motion for Preliminary Injunctive Relief requesting the court enjoin Defendant Corizon Health, Keldie, and Schofield from applying a custom or practice that has prevented him from receiving adequate medical care.

## II. ANALYSIS

A.  <u>Motion for Preliminary Injunction</u> (ECF No. 3)

Defendants Corizon Health, Keldie, and Schofield, are sued in their individual and official capacities for prospective injunctive relief. *See Ex parte Young*, 209 U.S. 123, 160 (1908). Because the complaint and the amended complaint fail to specify the nature of that relief, Baxter's claims against those parties are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

B.  <u>Screening and Standard</u>

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g., id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir.1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates

for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. § 1983 Claim

Baxter filed his eighteen-page, typed complaint pursuant to actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

1. *Claims against Defendants in their Official Capacity and State of Tennessee*

Baxter sues all Defendants in their official capacity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted). Baxter's claim against Defendants Schofield, Posey, Thrasher, Hodge, Lewis, Steward, Poole, and Tirey in their official capacities is brought against the State of Tennessee, which is a named Defendant. Baxter's claim against

Defendants Keldie, Pinney, Collins and Phillips in their official capacities is brought against Corizon Health or Corizon, which are named Defendants.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); E*mployees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State.") (citations omitted). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. Tenn. Stat. Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); Will, 491 U.S. at 71.

2. *Claims against a Private Corporation: Corizon Health and Corizon*

The complaint does not allege a viable claim against Corizon Health or Corizon. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons*

*v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; Street, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). Corizon Health and Corizon "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against Corizon Health or Corizon, Baxter "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.*

The complaint does not adequately allege that Baxter suffered any injury because of an unconstitutional policy or custom of Corizon Health or Corizon. The allegation that unspecified defendants attempted to maximize profits is insufficient to establish that Corizon Health or Corizon had an unconstitutional policy, that the policy was applied in Baxter's case, and that the policy was a "moving force" behind the denial of treatment. *Jackson v. Corr. Corp. of Am.*, No. 13-1102-JDT-egb, 2013 WL 3070778, at *4-5 (W.D. Tenn. June 17, 2013); *Ezell v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:11-0405, 2012 WL 2601940, at *8 (M.D. Tenn. June 6, 2012) (prisoner's "allegations that the purported policies existed at CMS and that these policies were directly responsible for his alleged lack of medical care are conclusory and are not buttressed by any factual allegations. Although the plaintiff speculates that medical care is denied to inmates by CMS for monetary, non-medical reasons, he provides no factual allegations supporting this speculation. . . . Further, the plaintiff has not set forth any factual allegations supporting the conclusion that any such policies were the moving force behind the alleged deficiencies in his own medical treatment as opposed to being the result of actions of individual

actors. Merely positing a theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief which survives a motion to dismiss.") (report and recommendation), adopted, 2012 WL 2601936 (M.D. Tenn. July 5, 2012); *Moffat v. Mich. Dep't of Corr.*, Civil Action No. 09-14696, 2010 WL 3906115, at *9 n.11 (E.D. Mich. May 21, 2010) (allegation that "CMS had a policy of denying treatment in order to maximize profits" insufficient to survive motion to dismiss without supporting factual allegations) (report and recommendation), adopted, 2010 WL 3905354 (E.D. Mich. Sept. 27, 2010); *Crawford v. Mich. Dep't of Corr.*, No. 2:09-cv-7, 2010 WL 1424246, at *5 (W.D. Mich. Mar. 31, 2010) ("Plaintiff has pleaded no facts supporting his allegation that, pursuant to contract, Plaintiff's medical treatments were based upon cost concerns."); *see also Broyles v. Corr. Med. Servs., Inc.*, No. 08-1638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (inmate's "bare allegation of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief"). The complaint fails to set forth any facts suggesting that the execution of this alleged policy, rather than individual malfeasance on the part of medical staff, caused the withholding of treatment.

"In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal*'s standards strictly." *Hutchison v. Metro. Gov't of Nashville & Davidson Cnty.*, 685 F. Supp. 2d 747, 751 (M.D. Tenn. 2010). "Merely positing a theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief . . . ." *Ezell*, 2012 WL 2601940, at *5. The allegations that unspecified defendants failed "to promulgate and implement policies to provide appropriate medical care to inmates with serious medical and/or emergent medical conditions like obvious pain and discomforts associated with a reaction to prescribed medications" (Compl. at 12, ECF No. 1), and that defendants "had a duty to hire and

train competent medical staff" (*Id.*), are entirely conclusory and are insufficient to identify a Corizon Health or Corizon policy and tie it to Baxter's injuries. *Ezell*, 2012 WL 2601940, at *5.

      3.    *Claims against Defendants as Supervisors*

Defendants Keldie, Pinney, Collins, and Phillips cannot be held liable because of their senior management positions at Corizon Health and Corizon, and Defendants Lewis, Steward, Poole and Tirey cannot be held liable because of their respective positions as TDOC Medical Director, NWCX Warden, NWCX Deputy Warden and NWCX Associate Warden. Under 42 U.S.C. 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

<u>Bellamy</u>, 729 F.2d at 421 (citation omitted). A supervisory official who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendants Lewis, Steward, Poole and Tirey had any personal involvement in Baxter's treatment.

Even if it were assumed that Defendants Keldie, Pinney, and Phillips had some responsibility for the policies of Corizon Health and Corizon—which the complaint does not clearly allege—they cannot be held liable to Baxter for money damages because they were not personally involved in the events at issue. *See Heyerman v. Cnty. of Calhoun,* 680 F.3d 642, 647-48 (6th Cir. 2012); *Phillips v. Roane Cnty., Tenn.,* 534 F.3d 531, 544-45 (6th Cir. 2008) ("The Estate's general allegations that the correctional officers and paramedics were not properly trained are more appropriately submitted as evidence to support a failure-to-train theory against the municipality itself, and not the supervisors in their individual capacities. While an individual supervisor may still be held liable in his or her individual capacity under a failure-to-train theory, Baxter must point to a specific action of each individual supervisor to defeat a qualified immunity claim. And because the Estate has not advanced any specific allegations against Yager, Haggard, or Wright, we dismiss the case against these three defendants.").[2]

4. *Eighth Amendment Claim for Medical Indifference*

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 633 F.3d at 383; *Mingus v. Butler,* 591 F.3d 474, 479-80 (6th Cir. 2010). The objective

---

[2] At most, the policymaking roles of Keldie, Pinney, Collins, and Phillips might support an award of damages against Corizon or Corizon Health. *Harvey v. Campbell Cnty., Tenn.,* 453 F. App'x 557, 563 (6th Cir. 2011) ("To the extent plaintiffs have adduced evidence supporting findings that McClellan or Scott was a County policymaker on matters of training and was so deliberately indifferent to the need for more comprehensive training as to render the training deficiency a matter of *de facto* County policy, he would be liable, if at all, in his *official* capacity, i.e., rendering the County liable.").

component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'. . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*, at 106.

Within the context of *Estelle* claims, the objective component requires that the medical need be sufficiently serious. *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in *Farmer v. Brennan*, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* 511 U.S. at 835-36.

The only defendant Baxter makes specific allegations against is Defendant Collins in that on December 11, 2014, he saw Defendant Collins for his chronic care treatment and she refused to perform any tests or evaluations on Baxter despite his sickly condition. (Compl. at 11, ECF No. 1.) For purposes of screening, Baxter has alleged a plausible claim for violation of the Eighth Amendment against Defendant Collins.

## III. CONCLUSION

The Court DISMISSES Baxter's complaint against Defendants Corizon Health, Corizon, Keldie, Pinney, Collins (in her official capacity), Phillips, the State of Tennessee, Schofield, Catherine Posey, Thrasher, Hodge, White, Lewis. Steward, Poole, and Tirey for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Process will be issued for Defendant Collins in her individual capacity on Baxter's Eighth Amendment claim for medical indifference.

It is ORDERED that the Clerk shall issue process for Defendant Collins and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Collins pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Baxter shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendant Collins or on any unrepresented Defendant. Baxter shall make a certificate of service on every document filed. Baxter shall familiarize himself with Federal Rules of Civil Procedure and this Court's Local Rules.[3]

---

[3] A copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.

Baxter shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

          **s/James D. Todd**
          JAMES D. TODD
          UNITED STATES DISTRICT JUDGE