IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY A. BAXTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 14-1347-JDT-cgc |
| | ) | |
| CORIZON HEALTH, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTIONS TO EXTEND DISCOVERY DEADLINE,
PARTIALLY GRANTING MOTION TO COMPEL DISCOVERY
AND DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

The *pro se* prisoner Plaintiff, Timothy A. Baxter, filed this action pursuant to 42 U.S.C. § 1983 alleging a denial of adequate medical care. (ECF No. 1.) The Court dismissed most of the complaint and ordered that process be served on Defendant Amanda Collins, the Chief Nursing Officer at the Northwest Correctional Complex. (ECF No. 9.) The order of partial dismissal specifically dismissed all claims except for the specific allegation that when Collins saw Plaintiff for chronic care treatment on December 10, 2014, she failed to perform any tests of evaluations despite his sickly condition. (*Id.* at 13.) After the Defendant was served, a scheduling order was entered. (ECF No. 15.)

On March 21, 2016 and April 15, 2016, Plaintiff filed motions to extend the discovery deadline. (ECF Nos. 20 & 23.) As the Court is denying Plaintiff's motion to compel discovery except for specific documents, the motions to extend the discovery deadline are DENIED without prejudice to either party demonstrating a specific need for additional discovery.

Defendant Collins filed a motion for summary judgment on July 8, 2016. (ECF Nos. 25 & 26.) She argues both that Plaintiff did not exhaust his administrative remedies prior to filing suit and that she did not violate his Eighth Amendment rights. (ECF No. 25-1.) The motion for summary judgment is supported by Defendant's Affidavit, which is accompanied by portions of Plaintiff's medical records (Collins Aff., ECF No. 25-2), and by the Affidavit of Benjamin F. Bean, the designee for the TDOC Deputy Commissioner of Operations, who is responsible for reviewing and responding to inmate grievances that are appealed to Level III (Bean Aff., ECF No. 25-3). Mr. Bean states that the only grievances Plaintiff filed after December 10, 2014, did not concern his medical care. (*Id.* ¶¶ 7-11.) However, the referenced grievances are not attached to the Affidavit. In Plaintiff's response to the summary judgment motion, he asserts that the Defendant is falsely claiming failure to exhaust without having provided him with copies of the grievances Plaintiff actually filed during the relevant time period. (ECF No. 29.)

On August 5, 2016, prior to responding to the motion for summary judgment, Plaintiff filed a motion to compel discovery. (ECF No. 27.) Plaintiff's Request for Production No. 3 seeks copies of all written grievances that he submitted to TDOC regarding this lawsuit. (ECF No. 27-1 at 9.) Defendant objected to the request stating, "the plaintiff filed the grievances and is therefore, in the best position to obtain them." (*Id.*) While it is true that Plaintiff should have kept copies of his grievances, it appears that may not be the case. In addition, as stated, the allegedly irrelevant grievances filed by Plaintiff are evidence on which Defendant specifically relies in her motion for summary judgment. Therefore, the Court will require Defendant to provide Plaintiff with copies of his grievances.

Although Plaintiff contends that Defendant has "refused to answer" many of his requests for production, in fact responses to all of the requests have been provided. However, many of Defendant's responses assert that she is not in possession of the documents requested, does not have access to the requested documents, or is unaware of any such documents. With regard to those particular responses, Plaintiff's motion to compel is not well taken. Defendant cannot produce records she does not have or to which she cannot obtain access.

In addition, with regard to Plaintiff's request for information concerning Corizon, Inc., all of Plaintiff's claims against Corizon were dismissed. Any documents concerning Corizon's policies and procedures or its contract with TDOC are not relevant to any issue in this case.

Many of Plaintiff's requests for production also sought any documents on which Defendant based the denials and affirmative defenses in her answer to the complaint. (*Id.* at 6-7.) Defendant's answers to these requests for production state that she relied on Plaintiff's medical record. (*Id.*) In response to the motion to compel, Defendant states that both she and her supervisor attempted to have Plaintiff's medical records sent back to the NWCX from the prison where he is currently housed and even asked an attorney from the TDOC Legal Department to assist. However, they were only able to obtain an incomplete copy. Notwithstanding Plaintiff's assertion that this is "deliberately false," it appears to the Court that the Defendant has made good faith efforts to obtain the relevant medical records.

Although the Defendant speculates that Plaintiff already has a copy of his medical records (ECF No. 28 at 2), Plaintiff states that is not the case (ECF No. 30 at 1). In addition, the Court is aware that TDOC policy makes it very difficult for inmates to obtain paper copies of their own medical records. *See* TDOC Policy 113.52 VI.B.3.e (tn.gov/assets/entities/correction/attachments/

3

113-52.pdf). Therefore, the Court will require Defendant to provide Plaintiff with a copy of the medical records that actually were obtained, if she has not already done so.[1]

With regard to Plaintiff's requests for admission, most ask for the Defendant to admit that Plaintiff complained of certain medical conditions on specific dates and that specific action either was or was not taken. For example: "Admit or deny that on November 21, 2013, a culture was taken by Dr. McCallen, DDS, which reflected a serious staphylococcus infection in the upper left gum area." (Req. for Adm. No.2, ECF No. 27-1 at 15.) Or: "Admit or deny that on June 24, 2015, Plaintiff had to be admitted in the infirmary at West Tennessee State Penitentiary from severe pain and infection draining." (Req. for Adm. No. 22, *id.* at 21.) Furthermore, the time span covered by Plaintiff's requests for admission ranges from October 13, 2013, to October 1, 2015. (*Id.* at 15-23.) However, it appears that Plaintiff was transferred to the West Tennessee State Penitentiary sometime between January 10, 2015 and June 24, 2015. (*See* Reqs. for Adm. Nos. 20 & 21, *id.* at 20.)

Most of Defendant's responses to these requests for admission state that she is without sufficient information to admit or deny them and/or that she lacks personal knowledge of the matters in question. Defendant's responses also state that to the extent Plaintiff sought interpretation of his medical records, the records speak for themselves.

As stated, this case involves the medical treatment Defendant Collins did or did not provide to Plaintiff on one specific date, December 10, 2014. Thus, the requests for admission concerning medical treatment that Plaintiff received from medical providers other than Defendant Collins, on

---

[1] Although the bulk of Plaintiff's medical records may not be relevant to the care he received from Defendant Collins on December 10, 2014, it is possible that any examinations or treatment he received in near proximity to that date could be relevant to his condition at the time.

4

dates substantially removed from December 10, 2014, do not seek information that is relevant to this action.

In conclusion, Plaintiff's motions to extend the discovery deadline (ECF Nos. 20 & 23) are DENIED. The motion to compel discovery (ECF No. 27) is partially GRANTED. Within twenty (20) days after the date of this order, Defendant is ORDERED to provide Plaintiff with (1) copies of all grievances that he filed on or after December 10, 2014, concerning issues at the NWCX, regardless of the subject matter, as well as the corresponding Tennessee Offender Management Information System ("TOMIS") grievance records and (2) a copy of Plaintiff's medical records that Defendant obtained, if she has not already done so. If necessary in order for Plaintiff to have possession of those medical records, counsel for the Defendant is directed to assist him in obtaining the verification required by TDOC Policy 113.52 VI.B.3.e. The motion to compel discovery is DENIED in all other respects.

Defendant is directed to file a Notice of Compliance when the documents compelled by the Court are served on Plaintiff.

Defendant's motion for summary judgment (ECF No. 25) is DENIED without prejudice to re-filing within forty-five (45) days after the documents specified in this order are provided to Plaintiff.[2]

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] If Defendant chooses to rely on the same documentary evidence in support of a re-filed motion for summary judgment, she may refer to the documents attached to her first motion instead of re-filing the exhibits.